# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0556V
**Filed: August 29, 2017**
UNPUBLISHED

| | |
|---|---|
| SAMUEL CROSBY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jessica Wittmer Hayes, Murray Law Firm, New Orleans, LA, for petitioner.*
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On June 1, 2015, Samuel Crosby ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on January 6, 2014. Petition at ¶¶ 1-12. On January 23, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 42).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Petitioner's Motion for Attorneys' Fees and Costs**

On July 24, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 47). Petitioner requests attorneys' fees in the amount of $36,960.00 and attorneys' costs in the amount of $12,197.22. (*Id.* at ¶¶ 6, 9). In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 48). Thus, the total amount requested is $49,157.22.

On August 10, 2017, respondent filed a response to petitioner's motion. (ECF No. 49). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner has filed no reply.

II.     **Legal Standard for Determining the Amount of Fees and Costs**

Since petitioner was awarded compensation for her injury, he is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added). As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. HHS*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521. Only the hours "reasonably expended on the litigation" should be counted. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 204-05 (2009) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and petitioner's counsel is paid according to the local rate. *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

III.    **Analysis**

The undersigned has thoroughly reviewed the billing records; however, a line-by-line evaluation of the fee application is not required, and will not be performed. *See Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993). As noted, special masters may rely on their experience in the

2

Program to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.  That said, the following issues were of particular concern to the undersigned and worth addressing specifically.

### A.  Reductions to the Amounts Requested by Petitioner

#### 1.  Excessive Billing

In an enormously confusing approach, petitioner's counsel separates her billing records into categories of tasks.  A thorough examination of these time sheets, however, reveals that the amount of time billed for many tasks is excessive.

For example, on January 23, 2017, petitioner's counsel spent almost an hour (.9 hours) reviewing the one and one-half page decision awarding compensation based upon the parties' stipulation.  *See* Attorney Time Sheets, filed as 1st Attachment to Pet. Motion, at 1 (2nd entry dated 1/23/2017) (ECF No. 47-1); *see also* Decision on Joint Stipulation (ECF No. 42).  Petitioner's counsel spent this amount of time despite the fact that she spent .7 hours reviewing the stipulation itself the previous day.  *See* Attorney Time Sheets at 1 (1st entry dated 1/23/2017); *see also* Stipulation (ECF No. 41).  Petitioner's counsel then billed an additional .9 hours to review the same one and one-half page decision when filed for public posting.  *See* Attorney Time Sheets at 2 (entry dated 6/15/2017); *see also* Public Decision (ECF No. 46).  At most, having expended time to create the stipulation with respondent and to review the final stipulation to ensure it was accurate, counsel's review of the decision should have taken approximately .1 hours, .2 hours at most, for each issuance/posting.

Petitioner's counsel also billed excessive amounts of time for the preparation of simple filings such as .5 hours to prepare and file the joint notice not to seek review, a standard document containing one sentence.  *See* Attorney Time Sheets at 1 (entry dated 1/24/2017).  On February 11, 2016, petitioner's counsel billed .5 hours each for preparing 4 out of 5 notices of filing. *See id.* (2nd thru 5th entries dated 2/11/2016).  Thus, she expended 2 hours of time preparing these four simple, one page documents.  Even worse, after created the first notice, petitioner's counsel would need to change only the title of the three to four exhibits being filed with the notice for subsequent documents.

The undersigned has previously reduced the fees paid to petitioners for such excessive and duplicative billing.  *See, e.g.*, *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323, at *15-19 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016) (reduced overall fee award by 20-40 percent due to excessive and duplicative billing).

### 2. Paralegal Tasks

In additional to the excessive billing shown in counsel's time sheets, petitioner's counsel has billed all time expended at her usual attorney rate. Many of these tasks are the type generally performed by a paralegal and should be billed at a lower rate more appropriate for a paralegal.

The Vaccine Program does not pay attorney rates for tasks that do not require the expertise of an attorney. *See Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) ("[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed."); *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009) ("Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate.").

For these reasons, and to bring the fees to within the range of what is typically awarded for a similarly situated case,[3] the undersigned reduces the amount of attorneys' fees sought by petitioner by 10 percent. *See, e.g.*, *Willett v. Sec'y of Health & Human Servs.*, No. 15-252V, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee award by 20 percent); *Raymo*, 2016 WL 7212323 (reducing fee award by 20-40 percent); *Barry v. Sec'y of Health & Human Servs.*, No. 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing fee award by 10 percent); *Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing fee award by 10 percent). **This results in a reduction of $3,696.00.**[4]

### B. Amounts Determined to be Reasonable

### 1. Hourly Attorney Rate for Petitioner's Counsel

Petitioner seeks attorneys' fees based upon an hourly rate of $275 for work performed by petitioner's counsel, Jessica Hayes, during 2014 to 2017. Ms. Hayes was barred in the State of Louisiana in 2004 and was admitted to practice in the United States Court of Federal Claims in early 2008. *See* Affidavit, filed as 3rd Attachment to Pet. Motion, at ¶¶ 5, 8. In *Mooney*, one of my colleagues discussed Ms. Hayes's experience in detail when determining the appropriate hourly rate for another attorney practicing in the same geographical area. *See Mooney v. Sec'y of Health & Human*

---

[3] Although petitioner was required to produce an expert report to address the concerns raised by respondent who initially opposed petitioner's claim, the case still was not complicated and resolved quickly after petitioner's expert report was filed. *See* Stipulation Order, issued Oct. 11, 2016 (ECF No. 38).

[4] Had the undersigned conducted a line-by-line evaluation, the reduction would have been greater.

4

*Servs.,* No. 05-266V, 2014 WL 7715158, at *7-9 (Fed. Cl. Spec. Mstr. Dec. 29, 2014). In that decision, my colleague determined that $275 was an appropriate hourly rate in 2014 for attorneys practicing in the Baton Rouge area with ten or more years of experience. *Id.,* at *9.

The undersigned agrees with and accepts the reasoning set forth in *Mooney*. Barred in 2004, Ms. Hayes, who practices in New Orleans, had 10 years of experience in 2014. The undersigned finds that $275 is an appropriate hourly attorney rate for Ms. Hayes in 2014-17.

### 2. Attorney Costs

The costs in this case are higher than those normally found in SPU cases. However, an expert report is normally not required in these cases. Here, petitioner was required to file an expert report to address the issues raised by respondent. *See* Respondent's Rule 4 Report, filed Oct. 19, 2015 (ECF No. 16) (opposing petitioner's claim); Order, issued Oct. 21, 2015 (ECF No. 17) (ordering petitioner to file an expert report).

Petitioner requests $10,500 for payment to Dr. Lawrence Steinman who produced the expert report filed by petitioner. *See* Petitioner's Attorney Costs, filed as 2nd Attachment to Pet. Motion (ECF No. 47-2); *see also* Exhibits 28-59, filed Feb. 11, 2016 (ECF Nos. 22-25). Petitioner lists payments to Dr. Steinman in the amounts of $3,000.00 and $7,500.00. Petitioner's Attorney Costs (entries dated 11/12/2015 and 5/23/2017). He provides no further description of Dr. Steinman's work and does not indicate the hours or rate employed when calculating these amounts.

Given the expert report and supporting medical literature produced by Dr. Steinman, the undersigned finds the total requested, $10,500.00, to be reasonable. Petitioner's counsel is cautioned that such amounts may not be reimbursed in the future unless better documentation supporting the amount sought is included.

### IV. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Accordingly, the undersigned awards **$33,264.00** in attorneys' fees and **$12,197.22** in attorneys' costs for a total award of **$45,461.22**[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Jessica Hayes.

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

5

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.